UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:  2:13-CR-123-FtM-29DNF
CASE NO.:  2:13-CR-124-FtM-29DNF

---

THE UNITED STATES OF AMERICA,

        Plaintiff,

                              Fort Myers, Florida

vs.                             May 5, 2014

BURSON AUGUSTIN                    12:02 PM

        Defendant.

---

TRANSCRIPT OF SENTENCING

HELD BEFORE THE HONORABLE JOHN E. STEELE
UNITED STATES DISTRICT COURT JUDGE

A P P E A R A N C E S

FOR PLAINTIFF:    Office of the United States Attorney
                    2110 First Street
                    Suite 3-137
                    Fort Myers, FL  33901
                    (239) 461-2200
                    BY:  JEFFREY MICHELLAND, ESQ.
                        Assistant United States Attorney

FOR DEFENDANT:    Law Offices of Allen S. Kaufman, P.A.
                    Suite A-150
                    950 South Pine Island Road
                    Plantation, FL  33324
                    (954)727-8165
                    BY:  ALLEN S. KAUFMAN, ESQ.

ALSO PRESENT      ROBERT GILLESPIE, Probation Officer
                    ERIN KANDIK, Probation officer

REPORTED BY:      JEFFREY G. THOMAS, RPR-CP, CRR
                    Official Federal Court Reporter
                    United States Courthouse
                    2110 First Street, Suite 2-194
                    Fort Myers, FL  33901
                    (239) 461-2033

1          THEREUPON, the above-entitled case having been called to

2     order, the following proceedings were held herein, to-wit:

3                                – – –

4          THE COURT:  These are cases of the United States

5     versus Burson Augustin.  It's Case 2:13 Criminal 124 and 2:13

6     Criminal 123.  Representing the United States an Assistant

7     United States Attorney Jeffrey Michelland.  Representing the

8     Defendant, who is present in court, is Attorney Alan Kaufman.

9          As I understand IT, in Case 13-124, that's a final

10    revocation hearing; and in the other case it's a sentencing

11    proceeding.

12          MR. KAUFMAN:  Yes, Judge.

13          THE COURT:  I gather that the Defendant has not yet

14    admitted the violation to the supervised release case?  Or has

15    he?  I know your motion says he's pled guilty already.

16          MR. KAUFMAN:  Unless I'm mistaken, I think he has,

17    and it's just set for sentencing; but I'm not a hundred

18    percent.  He'll do it again, Your Honor.

19          COURTROOM DEPUTY:  I'll look it up.

20          THE COURT:  We'll look it up.  I don't need to make

21    him do it again.  He may remember, or he may not.

22          MR. KAUFMAN:  I'm almost positive he did, but I'm not

23    a hundred percent positive.

24          THE COURT:  That's why we have a computer.

25          All right.  We apparently don't have anything in the

1  computer that indicates he's admitted the violation.  He's pled

2  guilty to the underlying separate criminal case.  Than may be

3  what you're recalling.

4        MR. KAUFMAN:  Could be.

5        THE COURT:  But that's separate from the final

6  revocation hearing.

7        So let me -- I mean, if we're doing it again, so be

8  it, but it will make me feel better to make sure we've done it

9  at least once.

10        Why you don't and he come on up to the podium for me,

11  please.

12        Am I pronouncing your last name correctly?

13        THE DEFENDANT:  Yes.

14        THE COURT:  Augustin?

15        THE DEFENDANT:  It's Augustin; yes.

16        THE COURT:  All right.

17        Mr. Augustin, on the Case Number 2:13 Criminal 124,

18  that's the case that alleges a violation of your supervised

19  release.  I know you think you may have done that already, but

20  I'm going to go through it again just to make sure.

21        That case alleges that you violated supervised

22  release in the following manner:  That you committed new

23  criminal conduct; that is, knowing distribution of a quantity

24  of cocaine, a Schedule 2 controlled substance, on or about

25  August the 7th, 2013.  It alleges that, on that date, you sold

1    29.8 grams of cocaine to a confidential informant with the Lee

2    County Sheriff's Office in Fort Myers, and that you were

3    subsequently charged in a federal indictment with that offense.

4    That's alleged to be a violation of your supervised release.

5              Do you understand what the allegation is?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Now, the maximum penalty under the

8    statute is 24 months imprisonment.  Under the sentencing

9    guidelines, the guidelines recommend a range of 33 to 41

10   months; but, because the statutory maximum is 24, the guideline

11   maximum becomes the 24 months as well.  The guidelines are not

12   mandatory, so your maximum exposure in either case would be the

13   24 months imprisonment.

14             Do you understand what?

15             THE DEFENDANT:  Yes, sir, I do.

16             THE COURT:  Now, you do have the right to have a

17   final revocation hearing.  At that hearing, the Government

18   would have to present sufficient evidence to convince the Court

19   that you violated the condition OF supervised release in the

20   manner set forth in the petition.  If the Government failed to

21   establish that fact, then the petition would be dismissed, and

22   you would be continued on your supervision.

23             At the hearing, you have the right to be represented

24   by an attorney.  You have the right to have the Court appoint

25   an attorney if you cannot afford one.  The Court has appointed

1    Mr. Kaufman the represent you in both these matters.  You have

2    the right to examine and cross examine any witnesses called by

3    the Government.  You have the right to call your own witnesses.

4    If your witnesses would not appear voluntarily, you have the

5    right to secure their presence by compulsory process, which the

6    Court would issue, requiring their appearance.  You also have

7    the right to testify on your own behalf if you wish to do so.

8    On the other hand, you don't have the testify if you don't want

9    to.  That choice is up to you, and you alone.

10           One other thing I should -- let me go back.

11           First of all, do you understand those rights?

12           THE DEFENDANT:  Yes, I do.

13           THE COURT:  With regard to the sentence, the 24

14    months in this case, and there's a sentence in the underlying

15    case, which is 13 Criminal 123, those sentences could be

16    imposed consecutive to one another.  They could be imposed

17    concurrently, as well, but they could be imposed consecutively;

18    so you could receive a sentence of 24 months on the supervised

19    release violation, and that could run consecutive to whatever

20    sentence you receive on the other case.  Or vice versa.  I'm

21    not sure it really matters.

22           Do you understand that?

23           THE DEFENDANT:  Yes, sir, I do.

24           THE COURT:  Do you have any questions, in terms of

25    the supervised release case, about what the allegations are,

```
1    what the penalties are, or what your rights are?
2              THE DEFENDANT:  No, I don't, Your Honor.
3              THE COURT:  Tell me, in your own words, what you did
4    that puts in you violation of your supervised release.
5              THE DEFENDANT:  I knowingly gave cocaine to an
6    informant, which is the ounce of cocaine.
7              THE COURT:  Okay.
8              THE DEFENDANT:  Which violated my supervised release.
9              THE COURT:  And that was here, in the Fort Myers
10   area?
11             THE DEFENDANT:  Yes.
12             THE COURT:  And -- I'm sorry?
13             THE DEFENDANT:  Bonita Springs, that's the same
14   thing?
15             THE COURT:  Close enough, correct.  It's in Lee
16   County.
17             And you knew what you were giving to the informant
18   was cocaine.
19             THE DEFENDANT:  Yes, sir.
20             THE COURT:  And when I say giving, were you selling
21   it to him?
22             THE DEFENDANT:  Yes, I did.  I sell it to -- I sold
23   it to him.
24             THE COURT:  Any other factual base anyone wants me to
25   establish with regard to that?
```

1            MR. MICHELLAND:  No, Your Honor.

2            MR. KAUFMAN:  No, sir.

3            THE COURT:  All right.

4            Mr. Augustin, based upon what you've told me, the

5     Court does find you are in violation of your supervised

6     release.  I'll address the issue of sentencing in a few

7     minutes, in connection with the other case as well.

8            In the other case, which is 2:13 Criminal 123, on

9     February the 5th of this year, you entered a plea of guilty to

10    Count 1 of an indictment charging you with distribution of a

11    quantity of cocaine, in violation of Title 21, United States

12    Code, Section 841(a)(1) and 841(b)(1)(C).  The Court has

13    previously accepted your plea of guilty and adjudicated you

14    guilty of that offense.  We have now reached the stage of the

15    proceedings where it's my obligation to decide what sentence

16    should imposed as to that case.

17           Have you read the presentence report and the addendum

18    to that report in this case?

19           THE DEFENDANT:  Um, I'm not familiar, but I think I

20    have, Your Honor.

21           THE COURT:  All right.

22           MR. KAUFMAN:  Yes.

23           THE DEFENDANT:  Yes.  I have.  He's gone over it with

24    me.

25           THE COURT:  Okay.  Are you sure about that?

8

```
 1              THE DEFENDANT:  Yes.

 2              MR. KAUFMAN:  All right.  Let me show you.

 3              THE COURT:  I know your attorney is sure.  I want to

 4    make sure you understand what it is you were looking at.

 5              THE DEFENDANT:  Okay.

 6              MR. KAUFMAN:  As recently as this past Saturday, Your

 7    Honor.

 8              THE DEFENDANT:  Oh.  Yes.  I have.

 9              THE COURT:  Okay.  You know what it is now?

10              THE DEFENDANT:  Yes, sir.  Yes, Your Honor.

11              THE COURT:  And have you reviewed that, as well as

12    the addendum to that, with your attorney?

13              THE DEFENDANT:  Yes.

14              THE COURT:  And have you discussed the contents with

15    him to the extent that you wanted to?

16              THE DEFENDANT:  Yes, we have, Your Honor.

17              THE COURT:  All right.

18              Mr. Kaufman, have you likewise read the presentence

19    report and the addendum, and discussed the contents of each

20    with your client?

21              MR. KAUFMAN:  I have, Your Honor.

22              THE COURT:  Mr. Michelland, have you also had the

23    opportunity to review the presentence report as well as the

24    addendum?

25              MR. MICHELLAND:  Yes, Your Honor.
```

1          THE COURT:  Any unresolved factual objections to the

2   presence report from the Government?

3          MR. MICHELLAND:  No, Your Honor.

4          THE COURT:  Any objection to the application of the

5   guidelines from the Government?

6          MR. MICHELLAND:  No, Your Honor.

7          THE COURT:  Mr. Kaufman, any unresolved factual

8   objections to the presence report?

9          MR. KAUFMAN:  No, sir.

10         THE COURT:  Any objections to the application of the

11  guidelines?

12         MR. KAUFMAN:  No, sir.

13         THE COURT:  The Court will adopt the factual

14  statements set forth in the presence report as well as the

15  application of the guidelines.  The result of that is as

16  follows:

17         The total offense level is 12.  The Defendant's

18  criminal history is a Category III.  The resulting range of

19  imprisonment is 15 to 21 months.  Supervised release is a range

20  of three years to life.  There's no restitution.  The fine

21  range is $3,000 to $1 million.  And this is a mandatory $100

22  special assessment.

23         Mr. Kaufman, I'll be happy to hear from you, your

24  client, or anyone else, with regard to the sentence the Court

25  should impose in both cases.

1          MR. KAUFMAN:  Very good.  Judge, I'll start off with

2    123, which is the substantive case.

3          I filed a request for sentencing variance.  That's at

4    Docket Entry 53.

5          Simple issue, Judge.  In light of the Sentencing

6    Commission's recommendation to Congress to pass a two-level

7    reduction, which would affect the 2D1.1, which is the

8    sentencing guideline for which the Defendant was sentenced

9    under, we're asking the Court for consideration due to the fact

10   that, if it was November, we're confident that Congress would

11   have passed the . . . the two-level reduction, and we wouldn't

12   have to ask for a variance; but at this point we do.

13         I also cited numerous other cases which have, in this

14   District, awarded the variance based on the same factors that,

15   in November, Congress, unless something goes majorly wrong, is

16   going to agree to the two-level reduction.

17         So we're asking for a two-level reduction based on

18   that, Judge.

19         THE COURT:  All right.

20         Mr. Michelland?

21         MR. MICHELLAND:  Your Honor, our office policy -- I

22   don't know -- the Court's probably aware of it, but if the

23   Defendant is willing to waive a future 3582 claim, which would

24   essentially be a second bite of the apple, which would be

25   unfair if the Court were to grant the two levels here and get

1   another two levels under the 3582, which the Government doesn't

2   think would be appropriate -- but if the Defendant is willing

3   to waive, on the record, that he will not file a future 3582

4   claim based on the subsequent or the anticipated amendment to

5   the guidelines in November that relates to the drug tables for

6   the two levels, then the Government will not object to a

7   variance at this time based on the Defendant's request.

8           THE COURT:  And what are you going to do if the

9   Sentencing Commission doesn't make it retroactive?

10          MR. MICHELLAND:  Your Honor, I unfortunately cannot

11  answer that question, because that was the question I had; but

12  our policy is what it is, and the policy is that we are not to

13  object so long as the Defendant makes a waiver of 358 -- future

14  3582 claim.

15          THE COURT:  All right.

16          Mr. Kaufman?

17          MR. KAUFMAN:  Yes, Judge.  I've spoken to

18  Mr. Augustin about that, and to my understanding he will waive,

19  on the record, his 3582 claim in the future, and request that

20  Your Honor grant him the two-level reduction now.

21          THE COURT:  And what's he going to do if it's not

22  retroactive?

23          MR. KAUFMAN:  Well, I don't think it will be, but if

24  he gets the two levels --

25          THE COURT:  As soon as you become appointed to the

1    Sentencing Commission . . . .

2            MR. KAUFMAN:  It's just my opinion.

3            THE COURT:  And you may be right; but, between now

4    and November, I don't know what's going to happen.

5            MR. KAUFMAN:  It's my understanding, if Your Honor

6    agrees, he'll get the two levels now.

7            THE COURT:  And if I don't agree?

8            MR. KAUFMAN:  That's that.

9            THE COURT:  I don't agree.  The motion is denied.  If

10   the amendment is indeed passed, and if the amendment is made

11   retroactive, then the Defendant has the capacity and the

12   ability to come back under 3583, I believe it is, and request

13   the two levels at that time.  If it doesn't get made

14   retroactive, then obviously he's not eligible for it.  I don't

15   know if he's going to be eligible.  I don't know if it's going

16   to be retroactive.  So I'll deal with it if and when the

17   statute -- I'm sorry, if and when the amendment is made.

18           MR. KAUFMAN:  Okay.

19           And with regards to 124, which is the supervised

20   release --

21           THE COURT:  Right.

22           MR. KAUFMAN:  -- I also filed a memorandum on that,

23   Judge.

24           THE COURT:  And I have that, as well.

25           MR. KAUFMAN:  And basically the argument is we're

1    asking -- Your Honor has the ability to sentence him either

2    currently or consecutively.  I cite authority which would state

3    that, and we're asking Your Honor to sentence concurrently, as

4    opposed to consecutively.

5              THE COURT:  All right.

6              Mr. Augustin, anything you'd like to say with regard

7    to the sentence the Court should impose in either of the two

8    cases?

9              THE DEFENDANT:  Excuse me, ask that again, sir, Your

10   Honor?

11             THE COURT:  Sure.  Anything you want to say with

12   regard to the sentence I should impose in either of the two

13   cases?

14             THE DEFENDANT:  Oh, yes, sir.  Yes, Your Honor.

15             Basically, Your Honor, I'm asking for mercy, and

16   consideration, and that -- and I want you to that . . . I'm

17   disgusted of the act that I did to get in here to be in front

18   of you, because it's all my fault, I take a hundred percent

19   responsibility, and to know that the sentencing and . . . I

20   would like it to be run concurrent so I could continue the

21   education that I was doing out there with Edison, and basically

22   flip over a new leaf in life, and . . . so I could, you

23   know . . . kind of nervous.  Sorry about that.

24             THE COURT:  Take your time.

25             THE DEFENDANT:  You know, it's been a lot of thought

1    I put addressing you, Your Honor, but I'm just going to cut it

2    short, to the chase.  The action that I did was -- wasn't

3    calculated.  It was something of a drastic measure to get me

4    out of a situation I was in, and I thought it could quickly

5    solve the problem.  But I didn't think further down the line.

6          I just wanted Your Honor to know that I'm not one to

7    be disrespectful to the law, and I wish that you could take

8    into consideration the concurrent sentence, and run it

9    concurrent with my charges and my violation of my VOP.

10          THE COURT:  All right.  Thank you.

11          THE DEFENDANT:  Yes, sir.

12          MR. KAUFMAN:  Your Honor, just so it's clear in my

13   head, what i DID, did I waive his right to come before you?

14   I'm not sure what happened.

15          THE COURT:  Oh, you're going back to the other issue?

16          MR. KAUFMAN:  Yes, Your Honor.

17          THE COURT:  You did not -- well.  You did if I were

18   to grant your motion.

19          MR. KAUFMAN:  Okay.

20          THE COURT:  Because I denied your motion, you have

21   not, in my view, waived his right; and, indeed, if the

22   sentencing guidelines are amended as you predict, and if that

23   amendment is made retroactive, your client should come back,

24   because I have not given him the benefit of that.

25          MR. KAUFMAN:  Very good, Judge.  Thank you.

1          THE COURT:  Just so the record is clear, it will not

2     be double dipping, if you will, to see him come back.

3          MR. KAUFMAN:  Thank you.

4          THE COURT:  Okay.

5          Now, anything further either of you would like to

6     say?

7          MR. KAUFMAN:  No, sir.

8          THE DEFENDANT:  No, sir.

9          THE COURT:  Mr. Michelland?

10         MR. MICHELLAND:  Your Honor, although there is no

11    plea agreement in this case, we did have an oral agreement that

12    we announced at the time of plea.  The Government -- the U.S.

13    Attorney's Office does not -- will recommend low end of the

14    guidelines in this case and in the corresponding violation of

15    supervised release.  We stand mute on the issue of whether the

16    two sentences should run concurrently or consecutively based on

17    our agreement with counsel and the Defendant at the time of the

18    plea.

19         THE COURT:  Okay.

20         MR. GILLESPIE:  Judge, probation's recommendation is

21    that the case be run consecutive to 123 based on the fact that

22    he was on supervision.  He had a ten-year term of supervised

23    release, and committed this act after ten months.  And so I

24    think, after all is said and done, when he does his time,

25    whether concurrently or consecutively, he gets out and does

1  whatever term of supervised release, I think he's still going

2  to come out ahead of that ten-year term of supervised release

3  that was originally imposed.

4          THE COURT:  The math would indicate that's true.

5          All right.  Mr. Kaufman?

6          MR. KAUFMAN:  Nothing further, Judge.

7          THE COURT:  Mr. Augustin?

8          THE DEFENDANT:  Yeah.  I would like to also add that

9  my decision for -- well, my rash decision as far as breaking

10 the law, Your Honor, is -- was due to the fact that . . . I was

11 on the verge of, you know, thinking about getting a second

12 employment, if I may explain myself, but I was told by, you

13 know, probation officer, that every employment I seek must know

14 that I was part of a foreign terrorist group to blow up the

15 Sears Towers, and . . . with a group of men, you know?  And it

16 kind of made me seem like a hopelessness, you know?  And

17 somebody that didn't know me for X amount of years, and a

18 company to entrust me to come in wouldn't be so easily

19 accepting of me, because they don't know my character, they

20 don't know what I'm capable of, you know?

21          And that's, you know, uncharted territory I had to

22 cross.  And I handled it wrong.  I understand that.  And I just

23 wanted Your Honor to know that.  It's a mistake that I know

24 won't happen again, you understand?  And like I said, I wish to

25 continue my education at Edison, which was -- I was already

1  enrolled in, and put this behind me, so I can become a man like

2  yourself.  You know, respected in society.  And I mean that

3  from myself.  This is a promise from myself, and I'm letting

4  you know my thoughts.

5          And that is all I have to say, Your Honor.

6          THE COURT:  All right.  Thank you.

7          Anything else, from anyone?

8          MR. KAUFMAN:  No, sir.

9          MR. MICHELLAND:  No, Your Honor.

10         THE COURT:  All right.  The standard the Court used

11 in both cases is the same.  The Court is required to impose a

12 sentence that is sufficient, but not greater than necessary,

13 after considering all the factors in Title 18, United States

14 Code, Section 3553.

15         Addressing, first of all, the supervised release

16 case, which is 2:13 Criminal 124, it's the judgment of the

17 Court that the Defendant is committed to the custody of the

18 Bureau of Prisons, to be imprisoned for a term of 24 months.

19 The Court is not going to reimpose supervised release on that

20 case.  Therefore, that will complete the Defendant's sentence

21 as to that case.

22         As to the second case, which is 2:13 Criminal 123,

23 it's the judgment of the Court that the Defendant is committed

24 to the custody of the Bureau of Prisons, to be imprisoned for a

25 term of 16 months.  That term is to be serve consecutively to

1    the term imposed in Case 2:13 Criminal 124.

2          Upon the Defendant's completion of the sentence, you

3    will be placed on supervised release for a term of three years

4    as to this case upon the standard terms and conditions adopted

5    in the Middle District of Florida and the following special

6    conditions:

7          The Defendant will be required to submit to a search

8    of his person, residence, place of business, any storage unit

9    or vehicle under his control, the search to be conducted by the

10    United States Probation Officers at a reasonable time, and in a

11    reasonable manner, based upon reasonable suspicion of

12    contraband or evidence of a violation of a condition of his

13    release.  The Defendant will be required to inform any other

14    residents of such premises that the premises will be subject to

15    search pursuant to this condition.  If he fails to submit to

16    such a search, that may be grounds for revocation of the

17    supervised release.

18          The Defendant will be required to cooperate with the

19    probation officer in the collection of DNA.

20          The mandatory drug testing requirements of the

21    Violent Crime Control Act are imposed.  The Defendant will be

22    required to submit to random drug testing, not to exceed 104

23    tests per year.

24          Based upon the Defendant's financial status, the

25    Court waives the imposition of any fine.

1          Is there a forfeiture, Mr. Michelland, that's

2     involved in this case?

3          MR. MICHELLAND:  May I have one moment, Your Honor,

4     to check?

5          THE COURT:  Sure.

6          MR. MICHELLAND:  No, Your Honor.  There was

7     forfeiture included in the indictment, but there was no

8     specific property.

9          THE COURT:  All right.

10          The Defendant will be required to pay the mandatory

11     special assessment.  That's one $100, and that's due

12     immediately.

13          Based upon the Defendant being convicted of his first

14     drug distribution offense, he will be ineligible for all

15     federal benefits for a period of five years.

16          Counsel, any other condition or recommendation anyone

17     wants me to consider?

18          MR. MICHELLAND:  No, Your Honor.

19          MR. KAUFMAN:  If Your Honor could recommend a

20     facility as close to South Florida as possible?

21          THE COURT:  The Court would recommend -- I presume

22     the Defendant lives in this area?

23          MR. KAUFMAN:  He has an aunt that lives here, and he

24     has family also that lives in Miami, so either one.  That's how

25     he wound up here.  He was staying with his aunt until . . . .

1              THE COURT:  Would you prefer that I recommend a place

2      in Miami?

3              THE DEFENDANT:  Yes.

4              THE COURT:  The Court would recommend that the

5      Defendant be housed in a facility as close to his family

6      members as possible, those family members residing in the

7      Miami, Florida, area.

8              Counsel, having heard the sentence the Court has

9      imposed, and the manner in which it has been imposed, are there

10     any objections?  First, from the Government?

11             MR. MICHELLAND:  No, Your Honor.

12             THE COURT:  Mr. Kaufman?

13             MR. KAUFMAN:  Just for the record, Judge, to preserve

14     the record, the Defendant would object to the reasonableness of

15     both sentences in 123 and 124.

16             THE COURT:  All right.  That's preserved, but the

17     sentences will remain as I've stated.

18             Mr. Augustin, I do need to advise you that you do

19     have the right to appeal the sentence I've imposed in both

20     cases, and the appellate rules are the same.

21             You have to file a notice of appeal within 14 days of

22     the entry of the judgment.  If you fail to file a notice of

23     appeal within that 14-day period, you waive, and give up, your

24     right to take a an appeal.

25             If you wish to appeal, you have the right to be

1  represented by an attorney, and if you cannot afford an

2  attorney, the Court's appointed attorney will continue to

3  represent you at no cost or obligation to yourself.

4  Mr. Kaufman will consult with you, within that 14-day period,

5  to determine whether you wish to have him file the notice of

6  appeal.

7          Do you understand what I've said about your right to

8  appeal?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Any questions about that?

11          THE DEFENDANT:  No, Your Honor.

12          THE COURT:  I see a reference in here, that I missed

13  before, to an immigration --

14          MS. KANDIK:  It was a typo, Your Honor.  I apologize.

15          THE COURT:  Okay.

16          You're a citizen; right?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Okay.

19          Counsel, anything further?

20          MR. MICHELLAND:  No, Your Honor.

21          MR. KAUFMAN:  No, sir.

22          THE COURT:  All right.

23          Mr. Augustin, you will be remanded, then, to the

24  custody of the marshal.  Good luck.

25          MR. KAUFMAN:  Thank you, Judge.

```
 1              THE COURT:  And we'll be in recess.
 2                   -- -- -- -- -- -- -- --
 3         (Thereupon, at 12:28 PM, the above-entitled matter was
 4         concluded.)
 5                   -- -- -- -- -- -- -- --
 6                        CERTIFICATE
 7         I CERTIFY THAT THE FOREGOING TRANSCRIPT IS A TRUE AND
 8    ACCURATE TRANSCRIPT FROM THE ORIGINAL STENOGRAPHIC RECORD IN
 9    THE ABOVE-ENTITLED MATTER.
10
11         Dated this 17th day of July, 2014.
12
13                        /s/ Jeffrey G. Thomas
                          _____
14                        JEFFREY G. THOMAS, RPR
15
16
17
18
19
20
21
22
23
24
25
```